UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH WAYNE LEAMING,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. CR05-5143 FDB
C07-5101 FDB

ORDER DENYING SECTION 2255 MOTION AND MOTION FOR CIRCUIT JUSTICE

    This matter comes before the Court on Petitioner Kenneth Wayne Leaming's 28 U.S.C. § 2255 Verified Petition to Vacate Void Judgment, and for Other Equitable Relief, filed February 28, 2007. Petitioner has also filed a Motion for Circuit Justice to 'Ride Circuit' Providing an Article III Judicial Officer to Preside Over Action. The motions are submitted by Mr. Burgess, who is appearing pro se for the purposes of these proceedings.

**INTRODUCTION AND BACKGROUND**

    On August 5, 2005, this Court entered Judgment and Sentence on Defendant Leaming's plea of guilty on Count I of the two-count Indictment - piloting an aircraft without a valid airman's

ORDER - 1

certificate. The Court imposed time served and twelve months supervised release, with standard and special conditions. On April 4, 2006, the Court entered Judgment and Sentence on Defendant Leaming's plea of guilty to violations of conditions of his supervised release. On February 1, 2007, the Court enters Judgment and Sentence on Defendant's plea of guilty to a violation of supervised release. The Court imposes 10 days incarceration with no supervised release to follow. Petitioner now challenges the "judicial power" of the Court.

**28 U.S.C. § 2255**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A petitioner is entitled to an evidentiary hearing on the motion to vacate a sentence under 28 U.S.C. § 2255 unless the motions, files, and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of the claim, and (2) even where the allegations are specific, whether the records, files, and affidavits are conclusive against the petitioner. United States v. Taylor, 648 F.2d 565, 573 (9th Cir. 1981).

The statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the court summarily dismiss the motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255. The rules regarding section 2255 proceedings similarly state that the court may summarily order dismissal of a section 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the petitioner is not entitled to relief in the district court." Rule 4(a). Thus, when a petitioner fails to state a claim upon

ORDER - 2

which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  U.S. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).

A petitioner fails to state a claim upon which relief can be granted when he fails to meet the statute of limitations.  Petitions pursuant to Section 2255 must be filed within one year of the underlying judgment.  The criminal judgment was filed on August 5, 2005  The year in which Petitioner was entitled to file a § 2255 motion ended on August 5, 2006 and has long lapsed. Section 2255 provides a very narrow post-conviction remedy when a new rule of constitutional law emerges after the statute of limitations has passed.  In such cases, the statute provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3).  Petitioner has not alleged a newly recognized right that would extend the statute of limitations.  Accordingly, Petitioner's motion is barred as untimely.

Alternatively, the Court finds that the Petitioner has failed to show a constitutional or statutory violation.  The grounds set forth in Petitioner's pleadings not articulated with allegations that specifically delineate the factual basis of his claim upon which relief can be granted.  Petitioner appears to simply allege that United States is in want of any material or substantial evidence that could prove proper subject matter/in personam jurisdiction, because the District Court is not a properly constituted Article III court.   This argument lacks merit.

Petitioner is not entitled to an evidentiary hearing on the motion to vacate or set aside his sentence under 28 U.S.C. § 2255 . Additionally, the Court summarily dismisses the motion without sending it to the United States Attorney for response.

ORDER - 3

ACCORDINGLY,

IT IS ORDERED:

(1) The Verified Petition to Vacate Void Judgment and for Other Equitable Relief is **DENIED**. Petitioner's "challenge to the jurisdiction of the Court is both time barred and without merit, and the action dismissed with prejudice;

(2) On the same basis, Petitioner's Motion for Circuit Justice to 'Ride Circuit' Providing an Article III Judicial Officer to Preside Over Action is **DENIED**;

(3) The Clerk is directed to send copies of this Order to Petitioner and the United States Attorney.

DATED this 21st day of March, 2007.

FRANKLIN D. BURGESS  
UNITED STATES DISTRICT JUDGE

ORDER - 4